T.C. Memo. 2012-43

UNITED STATES TAX COURT

JUDITH GAERTTNER AND KEITH WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2608-10.                    Filed February 14, 2012.

Judith Gaerttner and Keith Williams, pro sese.

<u>Patsy A. Clarke</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined deficiencies of $1,363 and $3,322

in petitioners' Federal income taxes for 2005 and 2006, respectively.  After

concessions,[1] the issues for decision are: (1) whether petitioners are entitled to the medical and dental expense deductions claimed on their 2005 Schedule A; and (2) whether petitioners are entitled to noncash charitable contribution deductions claimed on their 2005 and 2006 Schedules A.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioners resided in Washington when the petition was filed.

Petitioners are petitioner wife Judith A. Gaerttner and petitioner husband Keith Williams. In early 2002 Ms. Gaerttner was involved in an automobile accident when a taxicab rear-ended her automobile. Ms. Gaerttner underwent treatment for her related injuries through 2004. At the time of treatment, Ms.

---

[1]For taxable year 2005 the parties agree that petitioners are entitled to deductions on their Schedule A, Itemized Deductions, of $5,433 for State and local sales taxes and $1,712 for cash charitable contributions. Respondent concedes that petitioners are entitled to deductions on their Schedule A of $9,864 for medical and dental expenses and $2,850 of noncash charitable contributions.

For taxable year 2006 the parties agree that petitioners are entitled to deductions on their Schedule A of $3,282 for State and local sales taxes, $1,613 for cash charitable contributions, and $7,218 for medical and dental expenses. Respondent concedes that petitioners are entitled to a residential energy credit of $397 and a deduction on their Schedule A of $614 for noncash charitable contributions.

Gaerttner signed a waiver allowing any treating professional to bill her attorney. In late 2004 Ms. Gaerttner's attorney obtained a $20,000 insurance settlement. Ms. Gaerttner's attorney paid her accrued medical expenses with the settlement and sent her the balance, $8,662, in early 2005.[2] Petitioners did not report any part of the settlement amount as income on their 2005 tax return.

Petitioners jointly filed their 2005 Federal income tax return. On an attached Schedule A petitioners claimed a medical and dental expense deduction of $20,915 and a deduction for charitable contributions totaling $11,535. On an attached Form 8283, Noncash Charitable Contributions, petitioners reported noncash charitable contributions of $9,350.

Petitioners also jointly filed their 2006 Federal income tax return. On an attached Schedule A petitioners claimed a deduction for charitable contributions totaling $5,111. On an attached Form 8283, petitioners reported noncash charitable contributions of $3,043.

Respondent mailed petitioners a notice of deficiency dated December 21, 2009, for 2005-06. In the notice respondent disallowed $11,662 of the claimed medical and dental expense deduction for 2005 and part of petitioners' claimed charitable contribution deductions for 2005 ($11,535 (claimed) - $4,562 (allowed)

---

[2]Some monetary amounts have been rounded to the nearest dollar.

= $6,973 (disallowed)) and 2006 ($5,111 (claimed) - $2,227 (allowed) = $2,884

(disallowed)).[3]

Petitioners timely filed a petition with this Court contesting respondent's

determinations. Petitioners dispute respondent's disallowance of (1) $11,051 of the

medical and dental expense deduction for 2005; and (2) $6,500 and $2,429 of the

noncash charitable contribution deductions for 2005 and 2006, respectively.

Following trial we held the record open to allow petitioners the opportunity to

produce to respondent additional evidence substantiating their Schedule A

deductions, which, if appropriate, could then be stipulated and submitted as part of

the trial record. Petitioners faxed respondent a 13-page document consisting of

photocopies of receipts from charitable organizations and handwritten lists of

allegedly contributed items. The parties did not submit a supplemental stipulation

with respect to the document that petitioners produced. Consequently, we decide

this case on the trial record.

---

[3]The explanation of adjustments in the notice of deficiency references petitioners' 2004, 2005, and 2006 taxable years. However, respondent determined deficiencies only for 2005 and 2006. Given the nature and amounts of the adjustments, we surmise that in some instances, respondent erroneously referred to the 2005 taxable year as 2004 and erroneously referred to the 2006 taxable year as 2005.

## OPINION

I.     Burden of Proof

In general, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a);[4] Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof, however, may shift to the Commissioner under section 7491(a) if certain requirements are met. See sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioners do not contend that section 7491(a) applies, and the record does not permit us to conclude that petitioners satisfied the requirements of section 7491(a)(2). Accordingly, petitioners bear the burden of proving that they properly deducted the medical and dental expenses and the noncash charitable contributions on their 2005 and 2006 returns.

II.    Schedule A Deductions

A.     In General

Deductions are a matter of legislative grace, and a taxpayer ordinarily must prove that he is entitled to the claimed deduction. INDOPCO, Inc. v.

---

[4]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

Commissioner, 503 U.S. 79, 84 (1992). A taxpayer is required to maintain records to substantiate claimed deductions and to establish his or her correct tax liability. Higbee v. Commissioner, 116 T.C. at 440; see also sec. 6001. The taxpayer must produce those records upon the request of the Secretary. Sec. 7602(a); see also sec. 1.6001-1(e), Income Tax Regs. Substantiation is adequate if it establishes the amount and purpose of the claimed deduction. Higbee v. Commissioner, 116 T.C. at 440; see also Hradesky v. Commissioner, 65 T.C. 87 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

In deciding whether a taxpayer has adequately substantiated a claimed deduction, we are not required to accept the taxpayer's "self-serving, unverified, and undocumented testimony." Shea v. Commissioner, 112 T.C. 183, 189 (1999). If the taxpayer introduces credible evidence demonstrating that he paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount under certain circumstances. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate the amount, however, unless the taxpayer proves that he or she paid or incurred some deductible expense and provides some basis from which we can develop a reasonable estimate. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

B.      Medical and Dental Expense Deduction--2005

Expenses paid during the taxable year for medical care of the taxpayer, not compensated for by insurance or otherwise, shall be allowed as a deduction to the extent that such expenses exceed 7.5% of adjusted gross income.  Sec. 213(a).  A deduction is allowed only with respect to medical expenses actually paid during the taxable year, regardless of when the incident or event which occasioned the expenses occurred.  Sec. 1.213-1(a)(1), Income Tax Regs.  A taxpayer who claims a deduction under section 213 must "furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case."  Sec. 1.213-1(h), Income Tax Regs.

For medical expenses to be deductible, the expenses must not be "compensated for by insurance or otherwise."  Sec. 1.213-1(a)(3)(i), Income Tax Regs.  If an injured taxpayer recovers a settlement amount on account of a physical personal injury, that amount is generally excluded from the taxpayer's income, sec. 104(a)(2); see also Commissioner v. Schleier, 515 U.S. 323, 328-329 (1995), and the taxpayer may not deduct the medical expenses to the extent of the recovery, sec. 213(a).  If an expense is allocable to tax-exempt income, a taxpayer is not entitled to deduct the expense.  Sec. 265(a)(1).

Petitioners contend that they are entitled to the full amount of their claimed medical and dental expense deduction for 2005. They allege that the expenses are attributable to: (1) medical expenses related to Ms. Gaerttner's 2002 automobile accident; (2) $3,000 of dental expenses Ms. Gaerttner incurred; and (3) insurance copayments incurred when petitioners filled prescriptions. Respondent contends that petitioners are not entitled to any deduction for medical expenses related to Ms. Gaerttner's 2002 automobile accident because she received an insurance settlement. Respondent further contends that petitioners failed to substantiate all of their claimed medical and dental expenses and therefore, they are not entitled to any deduction in excess of the amount already allowed or conceded.

Ms. Gaerttner testified that she underwent treatment for injuries related to the car accident through 2004. Ms. Gaerttner further testified that she did not pay out-of-pocket for any medical expenses related to the 2002 automobile accident except for medication and that she did not fill any prescriptions for medication treating related injuries in 2005. To substantiate the medical and dental expenses at issue, petitioners introduced: (1) photocopies of adding machine tapes allegedly documenting petitioners' 2006 medical receipts; (2) a letter from Mr. Williams' physician, Dr. Howard B. Miller, indicating that he had prescribed medication for

Mr. Williams in April 2006; and (3) Dr. Miller's notes from Mr. Williams' appointments in 2005.[5]

Respondent correctly contends that petitioners are not entitled to any deduction for medical expenses related to Ms. Gaerttner's 2002 accident. Ms. Gaerttner was compensated by insurance for medical expenses related to her 2002 automobile accident. In addition, the medical expenses related to Ms. Gaerttner's 2002 accident were not paid in 2005. The record confirms that Ms. Gaerttner's attorney paid her accumulated medical bills in 2004 when he received the insurance settlement and that she did not pay any medical expenses related to her 2002 automobile accident in 2005. See Rudnick v. Commissioner, T.C. Memo. 2009-133.

Petitioners also have not demonstrated that they are entitled to the other medical and dental expenses they claimed for 2005. Petitioners did not introduce any documentation to substantiate the dental expenses of $3,000 and the prescription copayments that they deducted, and the testimony was too vague and imprecise to provide any reasonable and credible basis for estimating the expenses

---

[5]Petitioners also introduced a letter dated October 28, 2010, from petitioners to Laura Brady, an employee at the Internal Revenue Service. In the letter, petitioners write "As for the $20,000.00 medical expense figure that was on our tax return for 2006, I have no idea how that happened and my only explanation is my dial up service caused a major computer glitch."

or for determining that the expenses were paid in 2005. Portions of the photocopied adding machine tapes are unreadable. The photocopied tapes include neither the payee's name and address nor the date of payment, only numerical values with minimal handwritten notations by petitioners. The photocopied tapes are insufficient to substantiate petitioners' claimed medical and dental expenses.[6] Petitioners failed to substantiate their claimed medical and dental expenses for 2005 and did not introduce any evidence from which we could develop a reasonable estimate. See Williams v. United States, 245 F.2d at 560. We conclude that petitioners are not entitled to any deduction for medical and dental expenses on their Schedule A beyond the amount allowed and/or conceded by respondent.

C.     Noncash Charitable Contributions--2005 and 2006

A taxpayer generally may deduct charitable contributions made during the taxable year. Sec. 170(a). Charitable contributions, however, may be deducted only to "the extent that the aggregate of such contributions does not exceed 50

---

[6]Dr. Miller's letter indicates that he prescribed medication to Mr. Williams beginning in April 2006, but petitioners' 2006 medical and dental expenses are not at issue. Dr. Miller's notes only concern Mr. Williams' visits during 2005; furthermore, these notes do not include any reference to payment for the visits. These two documents are insufficient to substantiate petitioners' claimed medical expenses.

percent of the taxpayer's contribution base for the taxable year." Sec. 170(b)(1)(A).

A charitable contribution deduction is allowed only if verified under regulations

promulgated by the Secretary. Sec. 170(a)(1). A taxpayer who deducts charitable

contributions must maintain adequate documentation to substantiate them. Sec.

1.170A-13(a)(1), Income Tax Regs.

For any claimed charitable contribution deduction of $250 or more, the

taxpayer must obtain a contemporaneous written acknowledgment from the donee.

Sec. 170(f)(8)(A). Section 170(f)(8)(B) provides that the contemporaneous written

acknowledgment must include the following:

> (B) Content of Acknowledgment.--An acknowledgment meets the requirements of this subparagraph if it includes the following information:
>
>> (i) The amount of cash and a description (but not value) of any property other than cash contributed.
>>
>> (ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).
>>
>> (iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) or, if such goods or services consist solely of intangible religious benefits, a statement to that effect.

Section 170(f)(8)(C) provides that a written acknowledgment is contemporaneous when the taxpayer obtains it on or before the earlier of: (1) the date the taxpayer files a return for the year of contribution; or (2) the due date, including extensions, for filing that return.

In addition to the written acknowledgment requirement, the regulations establish a three-tier recordkeeping system for contributions of property other than money. For a noncash contribution of $500 or less, the taxpayer must substantiate the contribution with a receipt from the donee indicating the donee's name, the date and location of the contribution, and "[a] description of the property in detail reasonably sufficient under the circumstances." Sec. 1.170A-13(b)(1), Income Tax Regs.[7] If the taxpayer makes a charitable contribution of property other than money and claims a deduction in excess of $500, the taxpayer must maintain written records showing the manner of acquisition of the item, the approximate date of acquisition, and the cost or adjusted basis of the property. Sec. 1.170A-13(b)(3), Income Tax Regs.; see also Lattin v. Commissioner, T.C. Memo. 1995-

---

[7]However, a receipt is not required if it is impractical to obtain, for example, if the taxpayer deposits property at an unattended drop site. Sec. 1.170A-13(b)(1), Income Tax Regs. In such a case, the taxpayer must maintain reliable written records with respect to each item of donated property. Id.; see also Van Dusen v. Commissioner, 136 T.C. 515, 532 n.30 (2011).

233. Lastly, if the noncash contribution deduction exceeds $5,000, the taxpayer must (1) obtain a qualified appraisal for the contributed property, (2) attach a fully completed appraisal summary (i.e., Form 8283) to the tax return on which the deduction is claimed, and (3) maintain records pertaining to the claimed deduction in accordance with section 1.170A-13(b)(2)(ii), Income Tax Regs. See sec. 1.170A-13(c)(2), Income Tax Regs.

As we have stated, "the reporting requirements of section 1.170A-13, Income Tax Regs., are helpful to * * * [the Internal Revenue Service] in the processing and auditing of returns on which charitable deductions are claimed". Bond v. Commissioner, 100 T.C. 32, 41 (1993); see also Van Dusen v. Commissioner, 136 T.C. 515, 532 (2011). The Commissioner may deny a claimed deduction if the taxpayer fails to substantiate the charitable contributions by providing the required records. Cf. secs. 1.170A-13(b)(1), 1.6001-1(a), Income Tax Regs.[8] We address each taxable year in turn.

---

[8]In Bond v. Commissioner, 100 T.C. 32, 41 (1993), we held that the reporting requirements under sec. 1.170A-13, Income Tax Regs., are directory, not mandatory. Therefore, a taxpayer can satisfy these requirements with substantial compliance. Id. However, a taxpayer cannot rely on the substantial compliance doctrine if the taxpayer omits significant information. Hewitt v. Commissioner, 109 T.C. 258, 263-265 (1997), aff'd without published opinion, 166 F.3d 332 (4th Cir. 1998). Petitioners do not argue, and we cannot conclude, that the substantial compliance doctrine is applicable in this case.

1.    2005 Taxable Year

The following noncash charitable contributions remain at issue:  (1) $3,500 on January 28, 2005, to the Union Gospel Mission; (2) $1,500 on November 19, 2005, to the Union Gospel Mission; and (3) $100 to the Salvation Army.

Petitioners submitted two receipts from the Union Gospel Mission.  Each receipt is a preprinted form with additional written notations that were added to the receipt by Ms. Gaerttner.  Both receipts include a statement that the value of the donated items is set by the donor and that the Union Gospel Mission does not set the value.

The first receipt (the January receipt) bears a date of January 28, 2005; however, the date is written in very dark ink that differs from the other writing on the receipt.  The January receipt acknowledges that Ms. Gaerttner donated food, clothing, household items, and other items to the Union Gospel Mission.  Below the preprinted form, Ms. Gaerttner added two notations:  (1) an "original cost" value of $6,000; and (2) a "thrift store" price of $5,400.  The original cost value is written in the same dark ink as the January 28, 2005, date.  Ms. Gaerttner testified that she wrote over the date because the writing was very light and that she wrote over the original cost value because she initially underestimated the value of the donated items.

The second receipt (the November receipt) bears a date of November 19, 2005. The November receipt acknowledges that Ms. Gaerttner donated food, household items, and other items to the Union Gospel Mission. Ms. Gaerttner added notations to the receipt listing the original value as $6,500 and the thrift store price as $1,500.[9]

After reviewing the receipts, we conclude that they are not credible and we cannot rely on them. By way of example, on the January receipt, petitioners obscured the original date and values assigned to the items contributed. Furthermore, the amounts shown on the January receipt do not coincide with the

_____

[9]Petitioners also submitted two lists of items donated to the Union Gospel Mission, both dated December 7, 2005. The first list, prepared at the time of the alleged contribution, is handwritten and includes only brief descriptions of the contributed property. Ms. Gaerttner testified that she prepared the second list on the basis of the handwritten list; however, the second list includes numerous additional items and also includes values for the individual items. Ms. Gaerttner testified that she calculated the value of the contributed items by decreasing the retail price paid by 20% for each year of use. The second list indicates that Ms. Gaerttner valued the total donation at $10,940.

The two lists do not relate to any deduction claimed on petitioners' 2005 return. On the attached Form 8283 petitioners claimed they contributed property to the Union Gospel Mission on January 28 and November 19. Petitioners did not claim that they contributed property to the Union Gospel Mission on December 7. Furthermore, Ms. Gaerttner valued this alleged December 7 contribution at $10,940 but did not include the amount on petitioners' 2005 return. Therefore, we examine only the January and November receipts in deciding whether petitioners substantiated their claimed deduction.

charitable contribution deduction claimed with respect to the alleged January 2005 contribution. The January receipt lists an original value of $6,000, which we interpret to mean petitioners' aggregate cost basis, and a thrift store value of $5,400, which we interpret to mean the aggregate fair market value of the items contributed using a thrift store valuation approach. Petitioners claimed a deduction of $3,500 for the January 2005 donation. Petitioners offered no explanation as to why the amount of the January 2005 noncash contribution claimed on their 2005 tax return differed from the information reflected on the January receipt.[10] Similar problems exist with respect to the November receipt.

Even if we were to conclude that the January and November 2005 receipts were credible, the receipt does not contain sufficient information to satisfy the substantiation requirements set forth in section 1.170A-13(b)(1), Income Tax Regs. Neither receipt contains an adequate description of the property allegedly contributed, nor does it identify the quantity of items donated, or the age, quality, or condition of the donated items. The receipts merely indicate that petitioners donated items falling into one of several general categories.

---

[10]The November receipt lists an original value of $6,500 and a thrift store value of $1,500. Petitioners claimed a deduction of $1,500 for the November 19 donation.

Petitioners presented no other credible documentation with respect to the 2005 noncash contributions. Petitioners offered only Ms. Gaerttner's testimony as additional evidence of the information necessary to substantiate the noncash contributions. Ms. Gaerttner testified that she remembered the purchase price of every donated item. We do not find this testimony to be credible. In the absence of corroborating evidence, we are not required to accept Ms. Gaerttner's self-serving testimony. See Shea v. Commissioner, 112 T.C. at 189. Consequently, we conclude that petitioners have failed to meet the substantiation requirements of section 1.170A-13(b)(1) and (3), Income Tax Regs., for the claimed noncash contributions to the Union Gospel Mission during 2005.

As for the claimed noncash contribution to the Salvation Army, petitioners were required to obtain a receipt from the Salvation Army or, if impractical to do so, keep other reliable written records with respect to each item of donated property. See sec. 1.170A-13(b)(1), Income Tax Regs. Petitioners introduced no documentation and offered no other credible evidence to substantiate the claimed charitable contribution deduction.

We conclude that petitioners have failed to prove they are entitled to a noncash charitable contribution deduction for 2005 in excess of that already allowed and/or conceded by respondent.

2. <u>2006 Taxable Year</u>

The following noncash charitable contributions remain at issue: (1) $2,500 to the Union Gospel Mission; (2) $80 to the U.S. Postal Service; (3) $145 to the Kent Fire Department; (4) $118 to the Auburn Police Department; and (5) $200 to the Pregnancy Aid Center of Kent.

To substantiate their claimed 2006 noncash charitable contributions, petitioners introduced a receipt from the Union Gospel Mission and a list of donated items. On the receipt, Ms. Gaerttner wrote her cost basis and assigned a total value of $2,500 to the donated items but did not assign a value to each of the individual items.

For the noncash contribution to the Union Gospel Mission, petitioners were required to maintain written records showing the acquisition date, the method of acquisition, and petitioners' cost basis in the property. <u>See</u> sec. 1.170A-13(b)(3), Income Tax Regs. Although petitioners indicated the date, method, and cost basis in the property on their 2006 Form 8283, petitioners introduced no documentation to corroborate that information. Ms. Gaerttner testified that she remembered the purchase price of every donated item. However, in the absence of corroborating evidence, we are not required to accept her self-serving testimony. <u>See</u> <u>Shea v. Commissioner</u>, 112 T.C. at 189.

For the noncash contributions to the U.S. Postal Service, the Kent Fire Department, the Auburn Police Department, and the Pregnancy Aid Center of Kent, petitioners were required to obtain a receipt from the donee organizations or, if impractical to do so, keep other reliable written records to substantiate the claimed deductions. See sec. 1.170A-13(b)(1), Income Tax Regs. Petitioners introduced no documents and offered no other credible evidence to substantiate these claimed contributions. Therefore, petitioners are not entitled to a deduction for 2006 noncash charitable contributions in excess of the amount allowed and/or conceded by respondent.

We have considered all the other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.