T.C. Memo. 2014-203

UNITED STATES TAX COURT

THAD DESHAWN SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6195-13.                          Filed October 2, 2014.

Thad Deshawn Smith, pro se.

<u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2009,

the Internal Revenue Service (IRS or respondent) determined a deficiency of

[*2] $9,405 based on disallowed itemized deductions and a section 6662(a)[1] accuracy-related penalty of $1,881.  The parties now agree that petitioner is entitled to itemized deductions of $4,619 for State and local taxes, $15,275 for home mortgage interest, and $490 for noncash charitable contributions.  The issues for decision are:  (1) whether petitioner is entitled to an additional deduction of $27,277 for noncash charitable contributions (we hold that he is not); and (2) whether petitioner is liable for the accuracy-related penalty (we hold that he is).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Maryland when he filed his petition.

Petitioner timely filed a Federal income tax return for 2009 on which he claimed itemized deductions of $52,810.  On audit, the IRS determined that $35,238 of these deductions should be disallowed for lack of substantiation.  While the case was being considered by the IRS Appeals Office, petitioner submitted an amended 2009 return on which he increased his claimed deduction for

---

[1]All statutory references are to the Internal Revenue Code as in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*3]** noncash charitable contributions from $490 to $27,767. This additional deduction is based on petitioner's alleged contribution of clothes and household items to the American Veterans National Service Foundation (AMVETS), an organization eligible to receive tax-deductible contributions under section 170(c)(3).[2]

Petitioner's mother died intestate in July 2009. Petitioner's father, in his grief, asked petitioner to take everything out of the family house in Norfolk, Virginia. Petitioner testified that he donated most of these items to AMVETS. These items allegedly included seven sofas, four televisions, five bedroom sets, six mattresses, a kitchen set, a dining room set, a china cabinet, and three rugs. For charitable contribution purposes, petitioner placed a value of $11,730 on these items.

Petitioner testified that he also donated to AMVETS during 2009 numerous items of clothing belonging to him and his children. These items allegedly included 180 shirts, 63 pairs of slacks, 153 pairs of jeans, 173 pairs of shoes, 51

---

[2]The IRS did not address this additional claimed deduction in the notice of deficiency, but petitioner raised it as an affirmative issue in his petition, and we therefore have jurisdiction to consider it. See, e.g., Naftel v. Commissioner, 85 T.C. 527, 533 (1985).

[*4] dresses, 35 sweaters, nine overcoats, and seven suits. For charitable contribution purposes, petitioner placed a value of $14,487 on these items.

Finally, petitioner testified that he donated to AMVETS during 2009 electronic equipment that included two computer systems, a printer, and a copier. The record does not establish who previously owned this property. For charitable contribution purposes, petitioner placed a value of $1,550 on these items.

Petitioner testified that he had visited AMVETS on several occasions earlier in 2009 and had obtained a number of blank "tax receipts" signed by AMVETS representatives. The record includes two such blank receipts, one signed by "Jose" and the other signed by "Amado M." Petitioner testified that he consolidated all of the contributions described above on these two blank receipts. He filled out each receipt by identifying himself as the "donor," inserting August 30, 2009, as the "date," and indicating the donation values mentioned above. One filled-out receipt, signed by "Jose," shows a "total donation value" of $27,767. The other filled-out receipt, signed by "Amado M," also shows a "total donation value" of $27,767, broken down into $14,487 for "clothing" and $13,280 for "non-clothing."

Neither tax receipt identifies any specific items of donated property. To identify the property he allegedly contributed, petitioner produced a spreadsheet,

[*5] prepared by him, captioned "Thad Smith 2009 Tax Deductions." The record does not establish when this spreadsheet was prepared, and there is no evidence that it was submitted to AMVETS.

The tax receipts state that "[a]ll items donated to AMVETS are deductible for income tax purposes at their present Fair Market Value." They also inform the donor that it is his responsibility to determine the fair market values of all items. In determining that the items listed on his spreadsheet had a fair market values of $27,767, petitioner testified that he used a Salvation Army Web site that lists estimated "low" and "high" values for used property.

The record includes a "Donation Value Guide" (guide) printed from the Salvation Army Family Stores Web site on April 2, 2014. The values that petitioner placed on his spreadsheet for many of the items he allegedly donated in 2009 are considerably higher than the "high" values shown in this guide for items donated in 2014. For a men's shirt, the guide shows a low value of $2.50 and high value of $12; petitioner placed a value of $15 on all 77 men's shirts that he allegedly donated. For a pair of slacks, the guide shows a low value of $5 and a high value of $12; petitioner placed a value of $18 on all 63 pairs of slacks that he allegedly donated. Petitioner offered no explanation for this discrepancy. Petitioner did not take photographs of any of the items he allegedly donated, and he

[*6] introduced no evidence to establish their condition.  He did not obtain an appraisal of any item.

Petitioner engaged at least two different tax return preparers over the years.  Because he was in the military and traveled often, these individuals generally prepared and filed his Federal income tax returns without his reviewing them.  Petitioner acknowledged that his original return for 2009 had claimed deductions to which he was not entitled.  After the IRS commenced the audit of that return, petitioner hired a new return preparer to prepare and file an amended 2009 return, which claimed the additional deduction of $27,767 for property allegedly contributed to AMVETS.  Neither return preparer testified at trial.

OPINION

I.      Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace; the taxpayer must demonstrate his entitlement to deductions allowed by the Code and substantiate the amounts of claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  Petitioner does not contend that the burden of

**[\*7]** proof as to any factual issue should shift to respondent under section 7491(a). He thus bears the burden of proving his entitlement to the noncash charitable contribution deductions claimed on his amended 2009 return.

## II. Charitable Contributions

### A. Statutory Framework

Section 170 allows as a deduction any charitable contribution made within the taxable year to specified entities, including war veterans organizations. Sec. 170(a)(1), (c)(3). Such deductions are allowable only if the taxpayer satisfies statutory and regulatory substantiation requirements. See sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs. The nature of the required substantiation depends on the size of the contribution and on whether it is a gift of cash or property. For all contributions of $250 or more, the taxpayer must obtain a contemporaneous written acknowledgment from the donee. Sec. 170(f)(8). Additional substantiation requirements are imposed for contributions of property with a claimed value exceeding $500. Sec. 170(f)(11)(B). Still more rigorous substantiation requirements are imposed for contributions of property with a claimed value exceeding $5,000. Sec. 170(f)(11)(C).

For contributions in excess of $250 but less than (or equal to) $500, each contribution is treated separately for purposes of determining what substantiation

[*8] is required.  See sec. 1.170A-13(f)(1), Income Tax Regs.  For contributions exceeding $500, "similar items of property" are aggregated in making this determination.  Sec. 170(f)(11)(F) ("For purposes of determining thresholds under this paragraph, property and all similar items of property donated to 1 or more donees shall be treated as 1 property."); sec. 1.170A-13(c)(1)(i), Income Tax Regs.  The term "similar items of property" is defined to mean "property of the same generic category or type," such as clothing, jewelry, furniture, electronic equipment, household appliances, or kitchenware.  Sec. 1.170A-13(c)(7)(iii), Income Tax Regs.

B.    Analysis

Petitioner contends that he donated property to AMVETS on August 30, 2009, with a claimed value of $27,767.  Because the value of the claimed contribution exceeds $500, we must aggregate "similar items of property" to determine what substantiation was required.  Petitioner's self-created spreadsheet shows three categories of similar items:  clothing with an alleged value of $14,487; household furniture with an alleged value of $11,730; and electronic equipment with an alleged value of $1,550.  For all three categories of items, petitioner must meet the substantiation requirements imposed by section 170(f)(8)

[*9] and (11)(B).  For the first two categories of items, petitioner must also meet the stricter substantiation requirements imposed by section 170(f)(11)(C).

### 1. Contributions of $250 or More

Section 170(f)(8)(A) provides that an individual may deduct a gift of $250 or more only if he substantiates the deduction with "a contemporaneous written acknowledgment of the contribution by the donee organization."  See Weyts v. Commissioner, T.C. Memo. 2003-68 (discussing legislative history of this provision).  This acknowledgment must:  (1) include "a description (but not value) of any property other than cash contributed"; (2) state whether the donee provided any goods or services in exchange for the gift; and (3) if the donee did provide goods or services, include a description and good-faith estimate of their value.  Sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs.  The acknowledgment is "contemporaneous" if the taxpayer obtains it from the donee on or before the earlier of:  (1) the date the taxpayer files a return for the year of contribution; or (2) the due date, including extensions, for filing that return.  Sec. 170(f)(8)(C).

Petitioner obtained blank signed forms from AMVETS and later filled them out himself by inserting supposed donation values.  Because these forms were signed before the property was allegedly donated, we question whether they constitute an "acknowledgment" by AMVETS that it received anything.  Compare

[*10] sec. 1.170A-13(f)(1), Income Tax Regs. (requiring "a contemporaneous written acknowledgment from the donee organization" for contributions of $250 or more), with sec. 1.170A-13(b)(1), Income Tax Regs. (receipt not required for smaller contributions "where it is impractical to obtain a receipt (e.g., by depositing property at a charity's unattended drop site)").

In any event, the AMVETS tax receipts do not contain a "description * * * of any property * * * contributed." Sec. 170(f)(8)(B)(i). Rather, petitioner created, at a time that cannot be ascertained, a spreadsheet showing the property he allegedly contributed, and there is no evidence that this spreadsheet was ever provided to or seen by AMVETS. Moreover, the only evidence as to the contemporaneity of the acknowledgment is the date--August 30, 2009--which petitioner placed on the blank receipts himself. This evidence is not sufficiently persuasive to satisfy his burden of proof. See Brown v. Commissioner, T.C. Memo. 1980-553, 41 T.C.M. (CCH) 542. Petitioner has therefore failed to satisfy the "contemporaneous written acknowledgment" requirement for substantiation of contributions of $250 or more.

### 2. Contributions Exceeding $500

Although petitioner's failure to satisfy the substantiation requirements for contributions of $250 or more is fatal to his claim of an additional deduction, we

**[*11]** will briefly address, for sake of completeness, the other applicable substantiation requirements. For noncash contributions in excess of $500, taxpayers are required to maintain reliable written records with respect to each item of donated property. Sec. 1.170A-13(b)(2) and (3), Income Tax Regs.; see Gaerttner v. Commissioner, T.C. Memo. 2012-43. These records must include, among other things: (1) the approximate date the property was acquired and the manner of its acquisition; (2) a description of the property in detail reasonable under the circumstances; (3) the cost or other basis of the property; (4) the fair market value of the property at the time it was contributed; and (5) the method used in determining its fair market value. Sec. 1.170A-13(b)(2)(ii)(C) and (D), (3)(i)(A) and (B), Income Tax Regs. The taxpayer must include with his return "a description of such property and such other information as the Secretary may require." Sec. 170(f)(11)(B).

Petitioner allegedly made noncash contributions to AMVETS of clothing, furniture, and electronic equipment, and for each category of items he claimed a value exceeding $500. But he did not maintain written records establishing when or how these items were acquired or what their cost bases were. (The clothing appears to have been purchased; the furniture may have been acquired by gift or inheritance; and the electronic equipment is of unknown provenance.) Nor did

[*12] petitioner maintain written records establishing the items' fair market values at the time they were donated. He testified that he determined these values using a guide from a Salvation Army Web site, but the values he used were considerably higher than the "high" values the guide displays. He did not maintain photographs or other records to establish the condition of the donated items, and he has thus provided no reason to believe that each donated item should be accorded a "high" rather than a "low" value.

No deduction is allowed for contributions of clothing or "household items" unless such items are "in good used condition or better." Sec. 170(f)(16)(A). "The term 'household items' includes furniture, furnishings, electronics, appliances, linens, and other similar items." Sec. 170(f)(16)(D). Most of the items petitioner allegedly donated consisted of clothing and household items. He presented no evidence that these items were "in good used condition or better," and he did not furnish a qualified appraisal with his return. See sec. 170(f)(16)(C) (exception where "qualified appraisal" is supplied). For all these reasons, petitioner has not satisfied the substantiation requirements for donations of property valued in excess of $500.[3]

---

[3]Failure to meet the requirement that the taxpayer maintain reliable written records may be excused if his failure "is due to reasonable cause and not willful

(continued...)

**[\*13]**     3.     <u>Contributions Exceeding $5,000</u>

For contributions of property (other than publicly traded securities) or similar items of property valued in excess of $5,000, the taxpayer must generally satisfy the substantiation requirements discussed previously and must also:  (1) obtain a "qualified appraisal" of the items; and (2) attach to his tax return a fully completed appraisal summary.  Sec. 170(f)(11)(C); sec. 1.170A-13(c)(2), Income Tax Regs.; <u>Jorgenson v. Commissioner</u>, T.C. Memo. 2000-38 ("The IRS has prescribed Form 8283 [Noncash Charitable Contributions] to be used as the appraisal summary.").  The requirements for a "qualified appraisal" are set forth in section 1.170A-13(c)(3)(ii), Income Tax Regs.  The requirements for an appraisal summary are set forth in section 1.170-13(c)(4)(ii), Income Tax Regs.  Petitioner acknowledged that he did not obtain a qualified appraisal for any of the items and did not attach a fully completed appraisal summary to his 2009 tax return.  He thus

---

[3](...continued) neglect."  Sec. 170(f)(11)(A)(ii)(II); <u>see also</u> <u>Alli v. Commissioner</u>, T.C. Memo. 2014-15, at \*60.  The burden of proving reasonable cause is on the taxpayer.  Rule 142(a).  Petitioner introduced no evidence that would enable this Court to conclude that his failure to maintain written records was due to reasonable cause.

**[\*14]** failed to satisfy the substantiation requirements for his claimed contributions of clothing ($14,487) and household furniture ($11,730).[4]

The Court has no doubt that petitioner did donate property to AMVETS in 2009. Quite possibly, the fair market value of the property he donated exceeded the $490 in noncash contributions claimed on his original return, which the IRS allowed. But the Code imposes a series of increasingly rigorous substantiation requirements for larger gifts, especially when they consist of property rather than cash. Because petitioner did not satisfy these requirements, we are unable to allow any portion of the additional deduction that he claimed on his amended 2009 return.

III.   Accuracy-Related Penalty

Section 6662 imposes a 20% penalty upon the portion of any underpayment attributable to (among other things) negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence also includes any failure to keep

---

[4]Respondent contends that the deduction claimed for donating household furniture should be denied because petitioner has not proven that he (as opposed to his father or his mother's estate) owned the contents of the family home in Norfolk, Virginia. Because we conclude that petitioner's claimed deduction must be denied for lack of substantiation, we need not address this issue.

[*15] adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.; see Olive v. Commissioner, 139 T.C. 19, 43 (2012).

With respect to an individual taxpayer's liability for a penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that imposition of a penalty is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect. Ibid.; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

The notice of deficiency determined an accuracy-related penalty of $1,881 attributable to petitioner's having claimed deductions for cash contributions, un-reimbursed employee business expenses, mortgage interest "points," and other expenses for which he lacked substantiation. Petitioner acknowledged at trial that he had no basis for claiming most of these deductions. Respondent has therefore discharged his burden of production. See sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment. A taxpayer may be able to demonstrate reasonable cause and good faith by showing reliance on pro-

[*16] fessional advice. Sec. 1.6664-4(b)(1), Income Tax Regs. Although petitioner's original 2009 return appears to have been prepared by a tax professional, that person did not testify at trial. Petitioner introduced no evidence of the preparer's qualifications; no evidence that he provided the preparer with all relevant facts; and no evidence that the preparer provided tax advice on which he reasonably relied. Petitioner admitted that his original 2009 return claimed deductions to which he was not entitled and that he did not carefully review the return before it was filed. The "reliance on professional advice" defense to the accuracy-related penalty is not available in these circumstances. See Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987). We will accordingly sustain respondent's imposition of the section 6662(a) penalty.

To reflect the foregoing,

Decision will be entered

under Rule 155.