T.C. Memo. 2015-71

UNITED STATES TAX COURT

KENNETH JAMES KUNKEL AND SUSAN KATHRYN KUNKEL, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21982-13.                        Filed April 8, 2015.

Kenneth James Kunkel and Susan Kathryn Kunkel, pro sese.

<u>Ina Susan Weiner</u> and <u>Kirsten E. Brimer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-mined for petitioners' 2011 taxable year a deficiency of $12,338 and an accuracy-related penalty of $2,468.  The issues for decision are:  (1) whether petitioners are entitled to a charitable contribution deduction in an amount larger than the IRS al-

**[\*2]** lowed; and (2) whether petitioners are liable for the section 6662(a) penalty.[1] We resolve both issues in favor of respondent.

FINDINGS OF FACT

The parties filed a stipulation of facts with accompanying exhibits that are incorporated by this reference. Petitioners resided in Pennsylvania when they petitioned this Court.

On Schedule A, Itemized Deductions, of their timely filed 2011 Federal income tax return, petitioners claimed a charitable contribution deduction of $42,455. Of this amount, $5,140 represented alleged cash contributions. The IRS determined that petitioners had substantiated $4,840 of cash contributions; petitioners do not dispute the disallowance of the remaining $300. This case focuses on petitioners' claimed deduction of $37,315 for noncash charitable contributions, which the IRS disallowed in its entirety.

Petitioners contend that they donated property during 2011 to four charitable organizations: the Upper Dublin Lutheran Church (Church), Goodwill Industries (Goodwill), the Military Order of the Purple Heart Service Foundation (Purple Heart), and Vietnam Veterans of America (Vietnam Veterans). Petition-

---

[1]All statutory references are to the Internal Revenue Code (Code) as in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

[*3] ers' noncash contributions to the Church consisted of items they allegedly donated to its 2011 annual flea market. These items included books valued at $8,000, household items valued at $1,303, clothing valued at $1,000, toys valued at $822, telescopes valued at $800, jewelry valued at $780, and household furniture valued at $410, for a total of $13,115.

Petitioners did not produce a receipt or an acknowledgment from the Church for their donations of any of these items. The Church was evidently equipped to provide such receipts, because petitioners claimed to have a receipt from the Church for their contributions to the 2012 flea market. Petitioners produced no evidence, such as photographs, that any of the listed items were actually delivered to the Church. The Church did not inform petitioners whether any of the items allegedly contributed were sold or at what price.

Petitioners' noncash contributions to Goodwill, Purple Heart, and Vietnam Veterans allegedly consisted of clothing valued at $20,920, household furniture valued at $2,680, household items valued at $350, and toys valued at $250, for a total of $24,200. Petitioners produced no documentary evidence, and had no re-collection, as to which items were donated to which charity. They produced a spreadsheet, created during the IRS audit, that listed various items--e.g., 67 blouses, 45 dresses, 70 dress shirts, 22 dress coats, and 100 baby outfits--and

**[\*4]** assigned "estimated amounts" as the fair market values of these items. Petitioners contended that these items, in the aggregate, were divided in some manner among the three charities.

For Goodwill, petitioners testified that they took batches of items at various times to a Goodwill location. They generally made these trips in the early morning or evening, when the Goodwill warehouse was unattended. They placed soft goods in large bins intended for after-hours dropoffs. They left large items, such as furniture, outside the warehouse door. Petitioners testified that they were careful to ensure that the items in each batch were worth less than $250 because they thought this eliminated the need to get receipts.

For Purple Heart and Vietnam Veterans, petitioners allegedly scheduled a pickup and left the items outside their house. The charity sent a truck to pick up the items, generally while petitioners were away, and usually left a doorknob hanger saying, "Thank you for your contribution." These doorknob hangers contained no other information. They were undated; they were not specific to petitioners; and they did not list or describe the property contributed.

Petitioners testified that they created index cards recording the items as they were delivered to Goodwill or left for pickup by Purple Heart or Vietnam Veterans. Petitioners later aggregated this information into a master list. When the time

[*5] came to prepare their 2011 tax return, they assigned estimated values to the items. Petitioners did not introduce into evidence the index cards they allegedly prepared or any other contemporaneous records supporting their contention that they made the alleged gifts. They supplied no evidence concerning their cost bases in these items or the manner in which they determined fair market values.

The IRS timely issued petitioners a notice of deficiency disallowing for lack of substantiation $300 of their claimed cash contributions and all of their claimed noncash contributions totaling $37,315. The IRS also determined an accuracy-related penalty. Petitioners timely sought review in this Court.

OPINION

I.    Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace; taxpayers must demonstrate their entitlement to deductions allowed by the Code and substantiate the amounts of claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Petitioners do not contend, and the evidence does not establish, that the burden of proof as to any factual issue should shift to

**[*6]** respondent under section 7491(a). Petitioners thus bear the burden of proving their entitlement to the claimed noncash charitable contribution deductions.

II.    Charitable Contributions

A.    Statutory Framework

Section 170 allows as a deduction any contribution made within the taxable year to a charitable organization such as those involved here. Sec. 170(a)(1), (c). Such deductions are allowed only if the taxpayer satisfies statutory and regulatory substantiation requirements. See sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs. The nature of the required substantiation depends on the size of the contribution and on whether it is a gift of cash or property.

For all contributions of $250 or more, the taxpayer generally must obtain a contemporaneous written acknowledgment from the donee. Sec. 170(f)(8). "Separate contributions of less than $250 are not subject to the requirements of section 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more." Sec. 1.170A-13(f)(1), Income Tax Regs.

Additional substantiation requirements are imposed for contributions of property with a claimed value exceeding $500. Sec. 170(f)(11)(B). Still more rigorous substantiation requirements, including the need for a "qualified appraisal," are

[*7] imposed for contributions of property with a claimed value exceeding $5,000. Sec. 170(f)(11)(C). "Similar items of property" must be aggregated in determining whether gifts exceed the $500 and $5,000 thresholds. See sec. 170(f)(11)(F) ("For purposes of determining thresholds under this paragraph, property and all similar items of property donated to 1 or more donees shall be treated as 1 property."). The term "similar items of property" is defined to mean "property of the same generic category or type," such as clothing, jewelry, furniture, electronic equipment, household appliances, or kitchenware. Sec. 1.170A-13(c)(7)(iii), Income Tax Regs.

B.    Analysis

Petitioners contend that they donated property in 2011 with an aggregate value of $37,315. The property they allegedly contributed may be grouped into the following seven categories:

| Items | Claimed value |
| --- | --- |
| Clothing | $21,920 |
| Books | 8,000 |
| Household furniture | 3,090 |
| Household items | 1,653 |
| Toys | 1,072 |
| Telescopes | 800 |
| Jewelry | 780 |
| Total | 37,315 |

**[*8]** Petitioners do not meaningfully challenge this categorization of their alleged gifts,[2] and each category has a claimed value exceeding $500. Therefore, in addition to meeting the general substantiation requirements of section 170(f)(8), petitioners must satisfy the additional requirements of section 170(f)(11)(B) for all seven categories of gifts.[3] For the two categories with alleged values exceeding $5,000 (clothing and books), petitioners must meet the rigorous substantiation requirements imposed by section 170(f)(11)(C).

### 1. Contributions of $250 or More

Section 170(f)(8)(A) provides that an individual may deduct a gift of $250 or more only if he substantiates the deduction with "a contemporaneous written

---

[2]Petitioners argue that not all textbooks should be aggregated because "a Pharmacology textbook is not similar to a Spanish textbook." We disagree. The regulations define "similar items of property" as "property of the same generic category or type." Sec. 1.170A-13(c)(7)(iii), Income Tax Regs. The regulations provide the following example: "[I]f a donor claims on her return for the year deductions of $2,000 for books given by her to College A, $2,500 for books given by her to College B, and $900 for books given by her to College C, the $5,000 threshold of paragraph (c)(1) of this section is exceeded." Ibid. Under the regulations, a pharmacology textbook is in the "same generic category" as a Spanish textbook.

[3]Petitioners argue that they were unaware of the requirement to aggregate property. But they testified that they relied on IRS Publication 526, Charitable Contributions, in preparing their 2011 return. That publication specifically instructs taxpayers that, "[i]n figuring whether your deduction is $500 or more, [you must] combine your claimed deductions for all similar items of property donated to any charitable organization during the year."

**[*9]** acknowledgment of the contribution by the donee organization." See <u>Weyts</u> <u>v. Commissioner</u>, T.C. Memo. 2003-68 (discussing legislative history of this provision). This acknowledgment must: (1) include "a description (but not value) of any property other than cash contributed"; (2) state whether the donee provided any goods or services in exchange for the gift; and (3) if the donee did provide goods or services, include a description and good-faith estimate of their value. Sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs. The acknowledgment is "contemporaneous" if the taxpayer obtains it from the donee on or before the earlier of: (1) the date the taxpayer files a return for the year of contribution; or (2) the due date, including extensions, for filing that return. Sec. 170(f)(8)(C).

Petitioners did not provide to the IRS or the Court a "contemporaneous written acknowledgment" from any of the four charitable organizations. Petitioners produced no acknowledgment of any kind from the Church or Goodwill. And the doorknob hangers left by the truck drivers from Vietnam Veterans and Purple Heart clearly do not satisfy the regulatory requirements. These doorknob hangers are undated; they are not specific to petitioners; they do not describe the property contributed; and they contain none of the other required information.

Petitioners contend that they did not need to get written acknowledgments because they made all of their contributions in batches worth less than $250. We

[*10] did not find this testimony credible.  Petitioners allegedly donated property worth $13,115 to the Church; this donation occurred in conjunction with a single event, the Church's annual flea market.  Petitioners' testimony that they intentionally made all other contributions in batches worth less than $250 requires the assumption that they made these donations, with an alleged value of $24,200, on 97 distinct occasions.  This assumption is implausible and has no support in the record.  Moreover, petitioners testified that they did not assign values to the donated items until they prepared their tax return in 2012.  That being so, it is hard to see how they could have ensured, at the time they contributed the property, that each individual batch was worth less than $250.[4]

---

[4]Even if petitioners could be excused from the "contemporaneous written acknowledgment" requirement on the theory that they made all gifts in batches worth less than $250, they were still required to maintain records to document their donations, which generally must include "receipts" from the donees.  See sec. 1.170A-13(b)(1), Income Tax Regs.  Receipts are not required where a contribution is made "in circumstances where it is impractical to obtain a receipt (e.g., by depositing property at a charity's unattended drop site)."  Ibid.  In that event, however, "the taxpayer shall maintain reliable written records with respect to each item of donated property," including the name of the donee, the date and location of the contribution, a description of the property, and the method used to determine its fair market value.  Id.; sec. 1.170A-13(b)(2), Income Tax Regs.  If we assume arguendo that it was impractical for petitioners to obtain receipts from Goodwill or the truck drivers who picked up their goods, they nevertheless failed to keep "reliable written records" because they did not record the dates of any of their contributions; they did not record which items were donated to which charity; and they did not record how they determined the fair market value of any items.

[*11] For these reasons, we conclude that petitioners were required to obtain, but did not obtain, contemporaneous written acknowledgments for their contributions of property during 2011. Their claimed deductions must accordingly be denied for lack of substantiation under section 170(f)(8)(A).

### 2. Contributions Exceeding $500

Although petitioners' failure to satisfy the substantiation requirements for contributions of $250 or more is fatal to their claim, we will briefly address, for sake of completeness, the other applicable substantiation requirements. For non-cash contributions in excess of $500, taxpayers are required to maintain additional reliable written records with respect to each item of donated property. Sec. 1.170A-13(b)(2) and (3), Income Tax Regs.; see Gaerttner v. Commissioner, T.C. Memo. 2012-43. These records must include, among other things: (1) the approximate date the property was acquired and the manner of its acquisition; (2) a description of the property in detail reasonable under the circumstances; (3) the cost or other basis of the property; (4) the fair market value of the property at the time it was contributed; and (5) the method used in determining its fair market value. Sec. 170(f)(11)(B); sec. 1.170A-13(b)(2)(ii)(C) and (D), (3)(i)(A) and (B), Income Tax Regs.

**[\*12]** Petitioners allegedly made noncash contributions to four different charities of seven categories of items, each with a claimed value exceeding $500. But they did not maintain written records establishing when or how these items were acquired or what their cost bases were. Nor did petitioners maintain written records establishing how they calculated the items' fair market value.

No deduction is allowed for "any contribution of clothing or a household item" unless such property is "in good used condition or better." Sec. 170(f)(16)(A). "The term 'household items' includes furniture, furnishings, electronics, appliances, linens, and other similar items." Sec. 170(f)(16)(D). Most of the items petitioners allegedly donated consisted of clothing and household items. They failed to present credible evidence that these items were "in good used condition or better," and they did not furnish a qualified appraisal with their return. See sec. 170(f)(16)(C) (exception where "qualified appraisal" is supplied). For all these reasons, petitioners have not satisfied the substantiation requirements for donations of property valued over $500.[5]

_____

[5]For contributions of property (other than publicly traded securities) or similar items of property valued over $5,000, the taxpayer must generally satisfy the substantiation requirements discussed in the text and must also: (1) obtain a "qualified appraisal" of the items; and (2) attach to his tax return a fully completed appraisal summary. Sec. 170(f)(11)(C); sec. 1.170A-13(c)(2), Income Tax Regs. Petitioners did not obtain a qualified appraisal for any of the items and did not

(continued...)

[*13] The Court has no doubt that petitioners did donate some property to charitable organizations during 2011. But the Code imposes a series of increasingly rigorous substantiation requirements for larger gifts, especially when they consist of property rather than cash. Because petitioners did not satisfy these requirements, we are unable to allow a deduction for their claimed noncash gifts.

III.  Accuracy-Related Penalty

Section 6662 imposes a 20% penalty upon the portion of any underpayment attributable to (among other things) negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.; see Olive v. Commissioner, 139 T.C. 19, 43 (2012).

With respect to an individual taxpayer's liability for a penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that

---

[5](...continued) attach a fully completed appraisal summary to their 2011 tax return. They thus failed to satisfy the substantiation requirements for their claimed contributions of clothing ($21,920) and books ($8,000).

**[\*14]** imposition of a penalty is appropriate.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect.  <u>Ibid.</u>; <u>see</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115.  We find that respondent has discharged his burden of production by showing that petitioners failed to keep adequate records.  <u>See</u> sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment.  The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  <u>See</u> sec. 1.6664-4(b)(1), Income Tax Regs.  Circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  <u>Ibid.</u>

Petitioners testified as to their belief that they did not need to obtain receipts or acknowledgment letters because they left donations at unattended dropoff locations and because each batch of items they delivered or left for pickup was worth

[*15] less than $250. As noted earlier, we were unpersuaded by this testimony. These rationales have no application to petitioners' alleged donation of property worth $13,115 to the Church. Their testimony that they intentionally made all other contributions in batches worth less than $250 requires the implausible assumption that they made these donations on 97 distinct occasions. In any event, petitioners failed to keep reliable written records of their gifts because they did not record the dates of any of their contributions; they did not record which items were donated to which charity; and they did not record how they determined the fair market values of any items. See sec. 1.170A-13(b)(1), (2), and (3), Income Tax Regs.

In sum, we find that petitioners were negligent in preparing their 2011 return and that no portion of their 2011 underpayment met the "reasonable cause" exception. We will accordingly sustain respondent's imposition of the section 6662(a) penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.